# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD WILLIAMS and JANN WILLIAMS, | Case No. 2:20-cv-01320-KJD-NJK |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | |
| Defendants. | |

On July 16, 2020, Plaintiffs filed a three hundred and seventy-two (372) page Motion for Order Compelling Department and Federal Agencies Compliance with the "Rights" Accorded the Movants by the Crime Victims' Rights Act, and, According to Proof, The Mandatory Victim Restitution Act [18 U.S.C. 3771(d)(3)] (#1-1).

I. Analysis

A. Motion to Recuse

When Plaintiffs filed the motion, they failed to pay the filing fee or file an application to proceed *in forma pauperis* ("*ifp*"). The magistrate judge ordered Plaintiffs to file an application or pay the fee. They paid the full fee on August 3, 2020. On July 27, 2020, they filed a Motion for Recusal of District Judge (#5). Defendants assert that the district judge's past role as city attorney in Henderson (from 1972 to 1979), Justice of the Peace in Henderson Township Justice Court (from 1995 to 2000), and officer and director of the Henderson Chamber of Commerce (not a governmental entity) call into question the judge's impartiality in this action for crime victims' rights under 18 U.S.C. § 3771 against the United States Department of Justice, U.S. Attorney's Office, and the FBI.

28 U.S.C. § 455(a) states "[a]ny justice, judge, or magistrate of the United States shall

1    disqualify himself in any proceeding in which his impartiality might be reasonably

2    questioned[.]" Presumably, Defendant asserts the Court's impartiality is called into question in

3    this action against federal defendants, because they assert that they lost underlying eviction

4    litigation in Henderson Township Justice Court due to alleged illegal and fraudulent acts of

5    various private and public individuals which the Department of Justice has refused to prosecute.

6    However, this judge's relationship with Henderson as the city attorney ended forty-one (41)

7    years ago. Similarly, this judge's relationship with the Henderson Justice Court ended twenty

8    (20) years ago. Further, Henderson Township Justice Court is actually a political entity of Clark

9    County, Nevada, not the City of Henderson.

10           Additionally, the Plaintiff's complaint or motion for compliance can only affect certain

11   federal defendants. At best, the Court could order a Government attorney to confer with

12   Plaintiffs. See 18 U.S.C. § 3771(a)(5). A cause of action for damages or "to create, to enlarge, or

13   to imply any duty or obligation" for which the United States or its officers could be held liable is

14   prohibited. 18 U.S.C. § 3771(d)(6). Therefore, the Court disagrees that its impartiality could

15   reasonably be brought into question where the stale relationships are not even directly affected

16   by Plaintiffs' proposed litigation. See United States v. Holland, 519 F.3d 909, 913 (9th Cir.

17   2008) (the standard "must not be so broadly construed that it becomes, in effect, presumptive, so

18   that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or

19   prejudice"). Therefore, Plaintiff's motion for recusal is denied.

20           B. Motion for Entry of Clerk's Default

21           On August 20, 2020, Plaintiffs filed a motion for entry of clerk's default which the Clerk

22   of the Court then referred to the presiding judge. The Court must deny the motion for entry of

23   clerk's default because Defendants have not been appropriately served. First, due to Plaintiffs'

24   failure to pay the filing fee upon filing of the complaint, the Clerk of the Court appropriately

25   docketed the papers as Receipt of Initiating Documents (#1) and notified the magistrate of

26   Plaintiffs' failure to pay the fee or seek *ifp* status. Upon payment of the fee, the motion/complaint

27   should have been detached and filed. However, this was not done. Therefore, the Court orders

28   the Clerk of the Court to detach the Motion (#1-1) and file it. The Clerk should then issue

1  summons for service. Plaintiffs will have ninety (90) days to file proof of service of the

2  summons and motion/complaint in accordance with Rule 4(i).

3  III. Conclusion

4       Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Recusal of District

5  Judge (#5) is **DENIED**;

6       IT IS FURTHER ORDERED that Plaintiffs' Motion for Entry of Clerk's Default (#10) is

7  **DENIED**;

8       IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel (#8) is **DENIED as**

9  **premature and duplicative**.

10  Dated this 3rd day of February 2021.

11

12                    Kent J. Dawson

13                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28