UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD WILLIAMS, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:20-cv-01320-KJD-NJK<br><br>ORDER |

　　　Presently before the Court is Plaintiffs' Motion for Reconsideration (#15) and Amended Motion for Entry of Clerk's Default (#17).

　　　On July 16, 2020, Plaintiffs filed a three hundred and seventy-two (372) page Motion ("Motion") for Order Compelling Department and Federal Agencies Compliance with the "Rights" Accorded the Movants by the Crime Victims' Rights Act, and, According to Proof, The Mandatory Victim Restitution Act [18 U.S.C. 3771(d)(3)] (#1-1). On February 3, 2021, the Court denied several pending motions including a motion for entry of clerk's default. The Court notified Plaintiffs that the Motion must be served in compliance with Rule 4 of the Federal Rule of Civil Procedures ("Rule or Rules"). Further, the Court warned Plaintiffs that it could grant little, if any, of the relief they sought. Instead of serving the motion, Plaintiffs filed the present motion asserting that they did not need to comply with Rule 4 but could merely serve the "motion" by mail.

　　　Because no criminal case was pending when the original motion was filed, the Clerk of the Court docketed the motion as a new civil action against the United States. However, "[the Crime Victims' Rights Act ("CVRA")] does not provide a private right of action authorizing judicial enforcement of CVRA rights outside the confines of a preexisting proceeding." In re

1  Wild, 994 F.3d 1244, 1269 (11th Cir. 2021). Hence the "motion" language included in the
2  CVRA, upon which Plaintiffs' base their contention that they do not have to follow Rule 4's
3  directives to serve the summons and complaint, contemplates a filing in an existing criminal
4  prosecution. Id. at 1266. Permitting this action would require the Court to unduly impair
5  prosecutorial discretion. Id. at 1262. That impairment is not permitted by the statute, therefore,
6  the Court must dismiss this action with prejudice.

7       Additionally, the Court must note, that despite Plaintiffs' retreat in the Writ of Mandamus
8  (#18) that they filed with the Ninth Circuit, they are clearly seeking in this action an award of
9  damages based on the Mandatory Victim Restitution Act.[1] An award of damages may not be
10 pursued under the CVRA. See 18 U.S.C. 3771(d)(6). Further, Plaintiffs' theory of their proposed
11 criminal case centers around the allegation that a judge in Henderson Justice Court ordered a
12 prevailing party to submit a proposed order for the judge's signature that conformed with the
13 court's ruling after a hearing. Such a procedure, while used rarely in federal court, is a common
14 and accepted practice in state, county and local judicial proceedings. Such an order did not make
15 counsel for the prevailing party a quasi or fraudulent judicial figure. If Plaintiffs disagreed with
16 the Henderson Justice Court's ruling, the appropriate course of action would have been to fully
17 exhaust their appeals through the Nevada Supreme Court and from there to the United States
18 Supreme Court. Further, the Court notes that Plaintiffs did file a civil action in this district,
19 Williams v. Nat'l Default Serv. Corp., 2:16-cv-1860-GMN-NJK, contesting the underlying
20 foreclosure. The Ninth Circuit Court of Appeals affirmed that court's order dismissing Plaintiffs'
21 complaint and declaring Plaintiffs vexatious litigants. See Doc. No. 83, Memorandum.

22      Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration
23 (#15) is **DENIED**;
24 ///
25 ///
26 ///

---

[1] For example, see Doc. No. 11, Affidavit Specifying the Amount Due filed in conjunction with Plaintiffs' motion for entry of default, Doc. No. 10.

1       IT IS FURTHER ORDERED that this action is **DISMISSED with prejudice**.

2   Dated this 17th day of September, 2021.

                                                                                      Kent J. Dawson
                                                                                     United States District Judge